JUDGE PRESKA            08 CV 3946

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Plaintiff,
Kiewit Constructors, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIEWIT CONSTRUCTORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BUILDING, CONCRETE, EXCAVATING & COMMON LABORERS UNION LOCAL NO. 731, OF GREATER NEW YORK,<br><br>Defendant. | Case No.<br><br>Civil Action |

*Complaint and*
BRIEF IN SUPPORT OF THE APPLICATION BY PLAINTIFF, KIEWIT CONSTRUCTORS, INC., FOR AN ORDER TO SHOW CAUSE STAYING AND VACATING ARBITRATION

**McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP**
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Plaintiff,
Kiewit Constructors, Inc.

Mark A. Rosen (MAR-2030)
Scott A. Levin (SL-9041)
        *Of Counsel*

## PRELIMINARY STATEMENT

Plaintiff, Kiewit Constructors, Inc. ("Kiewit"), submits this Brief in support of its Order to Show Cause for an order staying and vacating an arbitration sought by Defendant, Building, Concrete, Excavating & Common Laborers Union Local No. 731, of Greater New York (the "Union"). The Union is improperly attempting to arbitrate a claim against Kiewit that arises out of a construction project to which Kiewit is not a party and with which Kiewit has no involvement. A different company, Mass Electric Construction Co. ("MEC"), is the prime contractor on the construction project at issue. The Union claims that MEC is using electricians to perform excavation work and core drilling on that project, and that this work should be performed by the Union's members. MEC is an electrical contractor and is not a signatory to any collective bargaining agreement with the Union.

Regardless, the Union should not be permitted to arbitrate its alleged claims of violations by MEC on the subject project against Kiewit.

## BACKGROUND

The facts giving rise to this Order to Show Cause are straightforward, and are fully set forth in the accompanying Affidavit of Michael Norton, corporate secretary of Kiewit, sworn to on April 23, 2008.

On February 11, 2008, Kiewit was served with a letter from the Union demanding arbitration. The demand references an alleged violation of the CBA by Aldridge Electrical, an alleged subcontractor to MEC in connection with a MEC construction project for excavation work on various highways. While Kiewit is a signatory to a collective bargaining agreement with the Union (the "CBA"), Kiewit has absolutely no involvement in the subject project.

Following receipt of the demand for arbitration, representatives of Kiewit met with the Union and explained that Kiewit had no involvement in the subject project and that the Union was pursuing its alleged claim against the wrong party. The Union responded that they believed that under Section 1 (c) of the CBA Kiewit and MEC were "related" companies and that the Union could pursue a claim against Kiewit for purported violations by MEC.

Kiewit and MEC are not "related" companies pursuant to the terms of Section 1 (c) of the CBA and the Union simply has no basis under the CBA to assert a claim for purported violations of the CBA on that project against Kiewit.

The arbitration is currently scheduled to proceed on May 1, 2008.

## ARGUMENT

### POINT I

### THIS COURT HAS JURISDICTION TO HEAR THIS MATTER

This Court has jurisdiction to hear this matter pursuant to Section 301(a) of the National Labor Relations Act. 29 U.S.C. 185(a). That section confers jurisdiction on the District Court for lawsuits alleging "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." This Court has jurisdiction under Section 301(a) to hear an employer's petition to stay arbitration on the ground "that the petitioner was not a party to the contract which contained an arbitration clause." See A. Seltzer & Co., Inc. v. Livingston, 253 F.Supp. 509 (S.D.N.Y. 1966), citing Application of Contessa Lingerie, Inc., 227 F. Supp. 37 (S.D.N.Y. 1964). This Court's jurisdiction has been held as being properly invoked when determining suits seeking declaratory judgment and injunctive relief, as "[r]egardless of the relief requested, what is ultimately sought is a judicial determination of

arbitrability." Sperry Systems Management v. Engineers Union, 371 F. Supp. 198 (S.D.N.Y. 1974).

At issue in this matter is whether the Defendant Union can bring an arbitration against an employer for alleged CBA violations on a project with which the employer had absolutely no involvement. Thus, the National Labor Relations Act, properly confers jurisdiction of Kiewit's application on this Court.

## POINT II

## THE ARBITRATION SHOULD BE STAYED AND VACATED BECAUSE KIEWIT HAD NO INVOLVEMENT IN THE PROJECT AT ISSUE

The Union's arbitration demand against Kiewit should be stayed and vacated because Kiewit had absolutely no involvement with the construction project on which the alleged violation of the CBA occurred.

MEC is the prime contractor on the project at issue. The purported violation as stated in the arbitration demand was allegedly committed by a subcontractor of MEC. No allegations of any improper conduct are made against Kiewit. Accordingly, the Union has no basis for commencing an arbitration against Kiewit with respect to this claim.

Nor can the Union sustain any claim that Kiewit and MEC are "alter-egos." The "alter-ego" provision in the CBA at Section 1(c) states:

> If the Employer covered by this collective bargaining agreement or any such principal owner or principal forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in another company, corporation, partnership, or any other business entity, including joint venture and sole proprietorship, performing bargaining unit work within this jurisdiction, this collective bargaining agreement shall cover such other operation.

Thus, to sustain such a claim, the Union must establish that Kiewit, the "employer" or signatory to the agreement, acquired an interest, "whether by ownership, stock, equitable or managerial," in MEC.

As set forth in the accompanying Affidavit of Michael Norton, Kiewit has not acquired and has no ownership, stock, equitable or managerial interest in MEC. They are two separate companies with separate officers, management and business purposes. They are both completely owned by the same company, Kiewit Construction Company ("KCC"). KCC is not a signatory with the Union and is not an "employer" under the CBA.

The case law fully supports the conclusion that Kiewit and MEC are not alter egos. The alter ego doctrine "focuses on sham transactions or technical changes in operations intended to avoid collective bargaining agreements or disguise their continued identities." Vittoria Corp., 30 F.Supp.2d at 436. "It is the role of the Court to decide if the company being compelled to arbitrate is an alter ego or joint employer of a signatory to the collective bargaining agreement." Id., citing Bloomingdale's, Inc. v. Service Employees Int'l Union, Local 32E, 1998 WL 229441, at *1, 1998 U.S.Dist. LEXIS 6413, at *3 (S.D.N.Y. 1998) (finding that arbitrator exceeded his powers by finding that nonsignatory to collective bargaining agreement was obligated to arbitrate on grounds that it was a joint employer).

The key factors to be weighed in making a determination concerning the alter ego status of a company, with regard to a collective bargaining agreement, "are whether the two enterprises have substantially identical management, business purpose, operating equipment, customers, supervision and ownership." Id., citing Local One Amalgamated Lithographers of America v. Stearns & Beale, Inc., 812 F.2d 763, 772 (2d Cir. 1987).

As set forth in the accompanying Affidavit of Michael Norton, MEC is an entirely different corporation than Kiewit, having different management, a different business purpose, and different operating equipment. Kiewit and MEC are distinct corporate entities, and not joint employers or co-adventurers.

This court has held that, where there is no evidence that one company is an alter ego of another company, the corporate veil will not be pierced to hold a non-signatory corporate entity as bound to arbitrate as the signatory's alter ego. See Pana-Oro, S.A. v. Johnson Matthey Florida, Inc., 1986 WL 2791, at *4 (S.D.N.Y. 1986).

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should grant Kiewit its requested relief for an order staying and vacating the arbitration sought by the Union.

Respectfully submitted,

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Attorneys for Plaintiff,
Kiewit Constructors, Inc.

By: _____
Mark A. Rosen (MAR-2030)
Scott A. Levin (SL-9041)
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490

Dated: April 28, 2008

1079751-2                                    5