McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York  10005
(212) 483-9490
Attorneys for Plaintiff,
Kiewit Constructors, Inc.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIEWIT CONSTRUCTORS, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>BUILDING, CONCRETE, EXCAVATING & COMMON LABORERS UNION LOCAL NO. 731, OF GREATER NEW YORK,<br><br>             Defendant. | Case No. 08-cv-3946<br><br>Civil Action |

**REPLY BRIEF IN FURTHER SUPPORT OF THE APPLICATION BY PLAINTIFF, KIEWIT CONSTRUCTORS, INC. FOR AN ORDER VACATING ARBITRATION AND IN OPPOSITION TO THE UNION'S CROSS-MOTION TO COMPEL ARBITRATION**

                                                                    **McELROY, DEUTSCH, MULVANEY
                                                                    & CARPENTER, LLP**
                                                                    Wall Street Plaza
                                                                    88 Pine Street, 24th Floor
                                                                    New York, New York  10005
                                                                    (212) 483-9490
                                                                    Attorneys for Plaintiff,
                                                                    Kiewit Constructors, Inc.

Mark A. Rosen (MAR-2030)
Scott A. Levin (SL-9041)
     *Of Counsel*

## PRELIMINARY STATEMENT

Plaintiff, Kiewit Constructors, Inc. ("KCI"), filed an order to show cause to stay and vacate an arbitration sought by Defendant, Building, Concrete, Excavating & Common Laborers Union Local No. 731, of Greater New York (the "Union"). KCI's moving papers set forth the straightforward and undisputed facts in this matter: the Union is improperly attempting to arbitrate a claim against KCI which arises out of a construction project to which KCI is not a party and with which KCI has no involvement. As such, the Union's purported claim is not governed by the underlying collective bargaining agreement between it and KCI.

The Affidavit of Michael Norton, corporate secretary of KCI, states that Mass Electric Construction Co. ("MEC") is the prime contractor on the construction project at issue. The Union's purported claim is based upon the conduct of a subcontractor of MEC on the project at issue. The Union claims that MEC is using electricians to perform excavation work and core drilling on that project, and that this work should be performed by the Union's members. MEC is an electrical contractor that is not controlled by KCI. It is not a signatory to any collective bargaining agreement with the Union.

The Union's opposition papers, and cross-motion to compel arbitration, do not dispute that MEC is the contractor on the project at issue, that its purported claim is based upon the actions of a subcontractor of MEC on that project and that MEC is not a signatory to any collective bargaining agreement with the Union. The Union does not offer any legal or factual rationale for requiring KCI to participate in an arbitration with the Union regarding the conduct of a subcontractor of MEC on a project that has nothing to do with KCI whatsoever.

The Union is attempting to inappropriately broaden the terms of the collective bargaining agreement to require KCI to arbitrate the Union's grievances with MEC. KCI cannot be required

to arbitrate with the Union on behalf of MEC, a company for which KCI has no responsibility under its collective bargaining agreement with the Union.

**ARGUMENT**

**POINT ONE:**

**THE ARBITRATION SHOULD BE VACATED BECAUSE KCI IS NOT CONTRACTUALLY REQUIRED TO ARBITRATE CLAIMS AGAINST MEC, A NON-SIGNATORY TO THE COLLECTIVE BARGAINING AGREEMENT**

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Vittoria Corp. v. New York Hotel and Motel Trades Council, 30 F.Supp.2d 431, 435, quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960); AMS Technologies, Inc. v. Metal Polisher Prod. and Novelty Workers Union, 1997 WL 45347, at *2 (S.D.N.Y. 1997). The CBA that KCI is a party to with the Union requires it to arbitrate disputes arising out of *KCI's* conduct, not the actions of companies for which it bears no responsibility under the CBA.

MEC was not a signatory to the CBA, and accordingly, cannot be compelled to arbitrate the Union's claims. KCI, although a signatory to the CBA, cannot be expected to arbitrate a purported Union grievance arising out of the actions of a subcontractor of MEC, a separate and distinct company from KCI that is not covered by the CBA, concerning a construction project for which KCI has absolutely no involvement whatsoever. See Norton Aff. at ¶8.

The Union's attempt to sidestep naming its real target, MEC, in both its demand for arbitration and in its papers filed in this matter is understandable, given the Second Circuit's explicit rejection of a party's attempt to force a non-signatory "sister company" to appear in arbitration due to the fact that an "affiliated" company (one that has the same corporate parent) has signed an agreement containing an arbitration clause. See Merrill Lynch Investments

Managers v. Optibase, Ltd., 337 F.3d 125 (2d Cir. 2003).  Merrill Lynch set forth that, "absent an express agreement to arbitrate, this Court has recognized only 'limited theories upon which [it] is willing to enforce an arbitration agreement against a nonsignatory . . . 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel,'" citing Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 780 (2d Cir. 1995).  The Union has not asserted any of these factors in this matter.  The Second Circuit discussed the importance of the Court's role in recognizing and respecting the party's corporate structures, in not requiring parent or affiliated corporations to answer in arbitration for non-signatory sister corporations:

> [the Court must respect] the safeguards afforded to a nonsignatory by the ordinary principles of contract and agency and [that any other approach] fails to adequately protect parent companies, the subsidiaries of which have entered into arbitration agreements. Anything short of requiring a full showing of some accepted theory under agency or contract law imperils a vast number of parent corporations.

Merrill Lynch, 337 F.3d at 130.

The Union has expressly conceded that it is not claiming that MEC is an alter ego of KCI:  "Local 731 is not seeking arbitration based on some 'alter ego' theory."  See Opposition Brief at p. 4.

In fact, the Union has set forth *no* factual or legal basis upon which it contends that KCI is somehow responsible under the CBA for the actions of MEC.  The Union does make reference to Article III, Section 1 of the CBA without stating how that provision applies in this case.  That provision states:

> If the Employer covered by this collective bargaining agreement or any such principal owner of principal forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in another company, corporation, partnership, or any other business entity, include joint venture and sole proprietorship, performing bargaining unit work within this

>jurisdiction, this collective bargaining agreement shall cover such other operation.

See Silberblatt Aff. at Exhibit 1, p.4 (Article III, Section 1(c)).

Thus, under the terms of this provision the CBA applies to the "Employer" (KCI in this case) and other companies "*formed or acquired*" by the Employer. In its moving papers, KCI established that it did not form or acquire MEC and that it does not own or control MEC. In its opposing papers the Union has not submitted any facts or evidence to the contrary.

While KCI and MEC are both owned by another company, Kiewit Construction Company ("KCC"), *that company is not a signatory to the CBA and is not bound by the CBA.*

There is simply no provision in the CBA requiring a signatory to the agreement to become answerable in arbitration for the actions of companies that share "common ownership" with a signatory. See CBA, Silberblatt Aff. at Ex. 1. Rather, only if the signatory itself owns or acquires an interest in another company does it perhaps become answerable for the actions of that other company.

The Union is attempting to manipulate the fact that KCI is a signatory to the CBA to require KCI to waste its time and resources arbitrating a matter that has nothing to do with KCI, but that concerns MEC, a non-signatory to the CBA that could not otherwise be compelled to arbitrate with the Union. In so doing, the Union ignores the corporate structures of both KCI and MEC to try and re-write the terms of the CBA in order to achieve its goal of arbitrating with KCI the Union's non-arbitrable dispute with MEC.

There is no provision in the CBA which would require KCI to arbitrate the Union's claims against MEC, just because KCI and MEC are both wholly owned subsidiaries of KCC.

The cases relied upon by the Union in its opposition papers are inapplicable to the facts herein. In Vittoria Corp., which was heard by this Court on removal from a State Court action in

which the State Court issued a temporary restraining order while Vittoria's claims were adjudicated, the Court held that Vittoria signed a "me-too" agreement which essentially bound Vittoria to arbitration in a matter that involved claims against another company, Cipriani 55 Wall, L.L.P. Id. The Union incorrectly interprets Vittoria to require Kiewit to arbitrate the Union's claims against MEC, simply because the Union named Kiewit, and not MEC, in its demand for arbitration. See Opposition Brief, p.8. In this case, Kiewit agreed only to arbitrate claims that the Union may have against Kiewit that arise from the CBA. Kiewit did not agree, through a "me-too" agreement, as in Vittoria, or otherwise, to arbitrate claims that the Union has against MEC, or any other company besides Kiewit. Kiewit simply cannot be forced to arbitrate the Union's claims against MEC, a non-signatory to the CBA which is not part of Kiewit, nor under Kiewit's control. See Norton Aff. at ¶ 9.

Another case cited by the Union actually supports KCI's point that this Court will grant an applicant's preliminary injunction to stay arbitration of claims unrelated to the applicable arbitration clause. See Zubak v. Meyer, 1998 U.S. Dist. LEXIS 8843, * 5-6 (S.D.N.Y. June 15, 1998) (claims unrelated to scope of arbitration agreement held improper to arbitrate, and such claims would cause plaintiff to suffer irreparable harm in the absence of a preliminary injunction, since "plaintiff would be forced to arbitrate claims outside the substantive scope of the arbitration agreement.")

Time and resources spent arbitrating an issue that was not arbitrable have been held as constituting irreparable harm. Id., citing Maryland Casualty Co., 107 F.3d at 983. See also Merrill Lynch, 337 F.3d at 129 (the movant "would be irreparably harmed by being forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award

would not be enforceable.")  Accordingly, KCI requests that this Court vacate the arbitration sought by the Union.

<strong>POINT TWO:</strong>

**<u>THE UNION'S LACHES ARGUMENT AGAINST KCI FAILS AS A MATTER OF LAW</u>**

The Union's contentions concerning KCI's failure to seek a stay of arbitration within 20 days are inapposite.  In its moving papers, KCI set forth that this Court has jurisdiction to hear this matter pursuant to Section 301(a) of the National Labor Relations Act, 29 U.S.C. 185(a), and that, in particular, this Court's jurisdiction has been held as being properly invoked when determining suits seeking declaratory judgment and injunctive relief, as "[r]egardless of the relief requested, what is ultimately sought is a judicial determination of arbitrability."  <u>Sperry Systems Management v. Engineers Union</u>, 371 F. Supp. 198 (S.D.N.Y. 1974).  The Union acknowledged that <u>Sperry</u> "dealt with the contention that the arbitration was sought for a subject 'specifically excluded' from arbitration under the terms of a collective bargaining agreement.  <u>See</u> Opposition Brief at p.9.  The Union inaccurately stated in its Opposition Brief that "[n]o such contentions are made by KCI in the present case."  <u>Id</u>.  KCI has contended, and continues to assert, that the CBA between KCI and the Union does not contain any clause that would require KCI to arbitrate the Union's claims against MEC, a non-signatory to the CBA that is not under KCI's control.  <u>See</u> Silberblatt Aff. at Ex. 1.

Since Federal labor law governs, the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq. applies and governs all questions of interpretation, construction, validity, revocability and enforceability of arbitration.  <u>A/S J. Ludwig Mowinckels Rederi v. Dow Chemical Co.</u>, 25 N.Y. 2d 576, 307 N.Y.S.2d 660, 255 N.E. 2d 774 (1970); <u>Advest, Inc. v. Wachtel</u>, 171 Misc. 2d 610, 655 N.Y.S. 2d 289 (1997).

The cases cited by the Union in support of its contention that a 20-day time limitation prescribed by the Civil Practice Law and Rules ("CPLR") should govern this matter, are state court decisions not involving Federal law or the application of the Federal Arbitration Act.  See Hartford Insurance Company v. Martin, 16 A.D.2d 149, 791 N.Y.S.2d 83 (1st Dep't 2005) (discussing state court's lack of discretion to waive or extend statutory period prescribed by CPLR 7503 (c)); see also Aetna Casualty & Surety Company v. Jones, 188 A.D.2d 597, 591 N.Y.S.2d 491 (2d Dep't 1992) (same); see also Bonnie Pers v. Hanover Insurance Company, 225 A.D.2d 313, 639 N.Y.S.2d 7 (1st Dep't 1996) (same).

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should grant KCI its requested relief for an order staying and vacating the arbitration sought by the Union, and should deny the Union's cross-motion to compel arbitration.

    Respectfully submitted,

    **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
    Attorneys for Plaintiff,
    Kiewit Constructors, Inc.


    By:   */s/ Mark A. Rosen*
        Mark A. Rosen (MAR-2030)
        Scott A. Levin (SL-9041)
        Wall Street Plaza
        88 Pine Street, 24th Floor
        New York, New York  10005
        (212) 483-9490

Dated: June 10, 2008